# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHERINE BURNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CV-152-JHP |
| | ) |
| GARALD HOLCOMBE, an individual, | ) |
| CHRISTOPHER EPPERLY, an | ) |
| individual, JENNIFER JOHNSON, | ) |
| an individual, BOARD OF COUNTY | ) |
| COMMISSIONERS OF THE COUNTY | ) |
| OF SEMINOLE and SEMINOLE | ) |
| COUNTY SHERIFF, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants Garold Holcombe, Christopher Epperly, and Jennifer Johnson's Motion To Dismiss Certain Claims Appearing In First Amended Complaint And Supporting Brief [Docket No. 34], Plaintiff's Response in Opposition To Defendants' Motion [Docket No. 39], and Defendants' Reply To Plaintiff's Response [Docket No. 41]. For reasons set forth below Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

Defendants Holcombe, Epperly, and Johnson ask this Court to dismiss Count II (false arrest and assault), Count III (slander per se), and Count V (negligence) of the Plaintiff's First Amended Complaint as to each of them to the extent the claims are based on the negligent acts of the Defendants on the grounds that the Oklahoma Governmental Tort Claims Act states that individual Defendants cannot be sued for any tort claim occurring within the scope of their employment.

The Plaintiff agrees Count V (negligence) is improperly pled and should be dismissed, therefore, by agreement of the parties, the Defendants' Motion as to Count V is **GRANTED** with Count V to be **DISMISSED** as to these Defendants.

The parties are also in agreement that the allegations of negligence pled in Counts II and III can only serve to try to impute liability to the individuals' employer and cannot, under the terms of the Oklahoma Governmental Tort Claims Act, establish a separate cause of action against the individual Defendants. The Plaintiff does, however, have the ability to try to establish, through these individual Defendants, liability on the part of the employer. (See *Speight v. Presley*, 2008 OK 99, 203 P.3d 173 ("Oklahoma law recognizes the application of the doctrine of *respondeat superior* to the Governmental Tort Claims Act.")) The Plaintiff claims she is not seeking claims of negligence against the individual Defendants and only seeks to use their actions to form the basis for the claims against their employer through the doctrine of *respondeat superior*; however, this Court finds that to the extent it is not conceded, any claims made separately against the individual Defendants for negligence are barred by the Oklahoma Governmental Tort Claims Act and should be dismissed.

The Plaintiff further claims, and the Defendants do not seem to dispute that she has properly pled claims against these Defendants individually for acting outside the scope of their employment, i.e., acting with malice, intent, or reckless disregard. As such, pursuant to Fed. R. Civ. P. 8(d)(2) the Plaintiff has properly pled alternative theories of relief.

For the reasons stated herein, the Defendants' Motion to Dismiss Count V is **GRANTED**, while Defendants' Motion to Dismiss Count III in full is **DENIED**. To the extent Plaintiff pled any separate claims of individual liability against Defendants Holcombe, Epperly, and Johnson for negligence, Defendant's Motion To Dismiss as to those claims is **GRANTED** and those claims are hereby **DISMISSED**. All other claims asserted in Plaintiff's Amended Petition remain pending before this Court.

IT IS SO ORDERED this 2nd day of December, 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma